UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| DEZETTIA JAMAL,<br><br>                    Plaintiff,<br>      v.<br><br>NAR GROUP, INC.,<br><br>                    Defendant.<br>_____/ | No. C 11-02852 LB<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Dezettia Jamal filed her complaint on June 10, 2011.  Complaint, ECF No. 1.[1] Defendant Nar Group, Inc. ("Nar") was served via personal service with a copy of the complaint on October 25, 2011.  Proof of Service, ECF No. 11 at 2.  Since that time, Nar has not made an appearance and Jamal has taken no steps toward resolving this case.  For the reasons below, the court orders Jamal to show cause why this action should not be dismissed for failure to prosecute.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  *Pagtalunan v.*

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-02852 LB
ORDER

*Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.' " *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

The last this court heard from Jamal was the unilateral case management conference statement filed on January 5, 2012. CMC Statement, ECF No. 13. The court is unaware of any changes to Jamal's case in the intervening period. Jamal may either dismiss the complaint, file a request for entry of default under Federal Rule of Civil Procedure 55, or show good cause why the case should remain open. If Jamal does not either take affirmative steps to come to a final resolution, or explain to the court why such steps would be premature, the court will dismiss the case. Accordingly, the court **ORDERS** Jamal to show cause why this action should not be dismissed by the court for failure to prosecute by March 27, 2012.

The case management conference set for Thursday, March 8, 2012 is **CONTINUED** to 10:30 a.m. on Thursday, April 12, 2012.

**IT IS SO ORDERED.**

Dated: March 6, 2012

_____
LAUREL BEELER
United States Magistrate Judge